**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**October 23, 2023**

# In the Court of Appeals of Georgia

A22A1422. JENKINS v. THE STATE.

MILLER, Presiding Judge.

In January 2018, Gelester Napoleon Jenkins, Jr., was convicted of violating his oath as a public officer, and he was sentenced to five years, with the first three years to be served in confinement. Jenkins' trial counsel filed a timely motion for new trial and/or to modify his sentence, which the trial court denied on February 2, 2022. After Jenkins filed a pro se notice of appeal on March 3, 2022, we dismissed this appeal after concluding that Jenkins was still represented by counsel and that his pro se notice of appeal was therefore without legal effect. The Supreme Court of Georgia vacated our judgment and remanded the case, ordering that we reconsider our decision in light of the recently-issued *Johnson v. State*, 315 Ga. 876 (885 SE2d 725) (2023).

In *Johnson*, the Supreme Court of Georgia concluded that a legal filing by a pro se party who is represented by counsel is not automatically a legal nullity but that a trial court instead has the inherent discretion to allow "hybrid representation" and to recognize a pro se filing by a counseled defendant. *Johnson*, supra, 315 Ga. at 890 (4). In so doing, the Supreme Court overruled its prior precedent upon which this Court relied to dismiss Jenkins' appeal. See id. at 889 (3) & n.11. Accordingly, we remand this case for the trial court to exercise its discretion to determine whether to allow Jenkins to have hybrid representation and whether to recognize his pro se notice of appeal. See id. at 892 (5). Upon the trial court's resolution of the issue, Jenkins may reinitiate his appeal by timely filing a notice of appeal within 30 days of the trial court's order on remand. Ga. Const. of 1983, Art. VI, Sec. I, Par. IV.

*Case remanded with direction. Rickman and Pipkin, JJ., concur.*